## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA,**

       Plaintiff,

                            Case No. 2:19-cv-496

       v.

**ESTATE OF DEAN R. DANIELSEN,**
through Personal Representative
Paige A. Showalter,

       Defendant.

_____/

### COMPLAINT

1.     The United States of America brings this action to collect outstanding civil penalties assessed against the Estate of Dean R. Danielsen, through personal representative Paige A. Showalter (Danielsen's daughter and executor of his estate), for the conduct of Dean R. Danielsen, deceased, in willfully failing to timely report his financial interests in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations, accrued interest on such penalties, late payment penalties, and associated fees. The United States of America alleges as follows:

### Jurisdiction and Venue

2.     The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C) at the direction of the Attorney General of the United States and at the request and with the authorization of the Secretary of the Treasury of the United States.

3.     The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty.

4.      Venue is proper in this district under 28 U.S.C. § 1391 because at the time of the acts alleged and at the time of his death, Danielsen resided in Fort Myers, Florida, within this district, and thus his estate is within this district.

**Regulatory Background Regarding**
**Danielsen's Duty to Report His Foreign Financial Accounts**

5.      Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

6.      To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c). An FBAR requires the taxpayer to disclose, among other things, the maximum value of each foreign account during the calendar year reported, the type of account, the name of the financial institution in which the account is held, the account number, and the mailing address of the financial institution in which the account is held. *See* Form TD F 90-22.1.

7.      Schedule B is an attachment to the individual federal income tax return (Form 1040) that is used for reporting, among other things, interest and dividend income, as well as any financial interest in or signature or other authority over financial accounts located in foreign countries. Schedule B refers to the FBAR filing requirement and alerts the taxpayer

that if he or she had an interest in or signature or other authority over a financial account located in a foreign country the taxpayer should see the instructions for the exceptions and filing requirements for Form TD-F 90-22.1.

8.     Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of § 5314. Specifically, § 5321(a)(5)(C) provides for a willful penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

9.     The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

**Danielsen's Willful Failure to Report His Foreign Accounts**

10.     Danielsen was born in the United States and was a United States citizen during the years at issue, 2006 through 2009, when he had one or more foreign bank accounts.

11.     Danielsen resided in the United States during the years at issue, from 2006 to 2010.

12.     Beginning in 1993, Danielsen began selling Swiss annuities. He learned that Liechtenstein stiftungs could be formed for asset protection. "Stiftung" is German for "foundation."

13.     Danielsen became concerned with asset protection in 1998 when he was sued by an individual in the United States.

14.     To protect his assets, Danielsen formed Sugar Creek Stiftung in 1999. Danielsen originally funded Sugar Creek with $200,000 he made selling Swiss annuities,

which income he did not report to the IRS or pay federal income taxes on. Danielsen was the beneficiary of Sugar Creek Stiftung.

15.     Danielsen, with the assistance of Dr. Wolfgang Strub, the Stiftung's trustee, opened accounts in Sugar Creek's name at VP Bank in Liechtenstein and Haywood Securities in Canada. Strub only acted at Danielsen's direction regarding Sugar Creek investments.

16.     For tax years 2000 through 2004, when he was living in California, Danielsen did not file federal income tax returns.

17.     Between 2004 and 2013, Danielsen was a money manager and earned more than $1 million in most years.

18.     Between 2003 and 2006, Danielsen transferred $646,294 into Sugar Creek's accounts at VP Bank and Haywood Securities.

19.     Danielsen omitted more than $12.9 million of income from his unfiled 2003 and 2004 federal income tax returns, resulting in unpaid taxes of more than $1.9 million. Danielsen subsequently filed returns for unfiled tax years when he applied for the Offshore Voluntary Disclosure Initiative (OVDI) in 2011. Danielsen opted to withdraw from the OVDI in 2013.

20.     Between 2003 and 2008, Danielsen withdrew $13,639,253 from Sugar Creek's foreign accounts, including wire transfers of $9,599,495 in 2009. Danielsen told the IRS that these wire transfers were, inter alia, gifts to relatives and friends as well as to fund projects and investments. The funds were wired directly to third parties in the United States.

21.     Danielsen created Sugar Creek LLC and Sugar Creek Revocable Trust in the United States. The Trust was created for the stated benefit of his granddaughter, and if she

should predecease him, his daughter. Upon his death, Danielsen's daughter Paige A. Showalter, became the trustee of the Sugar Creek Revocable Trust per the terms of the Trust.

22.     Showalter was also named the executor of Danielsen's estate in her father's will, which was not probated.

23.     Showalter asserts that she received no assets from the estate, as there were none remaining after payment to the IRS of Danielsen's income tax debt with Showalter's cooperation. According to Showalter, no assets of the estate remain. The IRS has not located assets in the United States at this time but believes that assets may exist that have not yet come to light.

24.     From 2006 through 2010, Danielsen maintained foreign bank accounts in the name of Sugar Creek Stiftung at VP Bank in Liechtenstein and Haywood Securities in Canada.

25.     Danielsen was actively involved in his foreign accounts.

26.     During each of the years 2006 through 2010, the balances in Danielsen's foreign bank accounts exceeded $10,000. Records obtained by the IRS reflect the maximum balances of the foreign bank accounts at VP Bank and Haywood Securities in which Danielsen had a financial interest as follows:

| Year | Maximum Aggregate Balance |
|------|---------------------------|
| 2006 | $17,770,076 |
| 2007 | $8,321,614 |
| 2008 | $7,146,675 |
| 2009 | $11,047,443 |
| 2010 | $23,146,295 |

27.     Danielsen did not file a timely FBAR for any period during which he had a
financial interest in the VP Bank account.

28.     Danielsen did not file a timely FBAR for any period during which he had a
financial interest in the Haywood Securities account.

29.     Danielsen did timely file FBARs for the 1994 and 1995 calendar years for one
or more financial accounts. These filings indicate Danielsen's knowledge of the FBAR filing
requirement.

30.     Specifically, Danielsen was required to report his interests in the VP Bank in
Liechtenstein and Haywood Securities in Canada for 2006 through 2010 by June 30 of 2007,
2008, 2009, 2010 and 2011, but he failed to do so.

31.     In 2013, Danielsen untimely submitted FBARs for years 2006 through 2010,
after applying for the OVDI in 2011.

32.     Danielsen's failure to timely file FBARs for 2006 through 2010 to report his
financial interest in the accounts at VP Bank and Haywood Securities was willful.

33.     Danielsen filed federal income tax returns for 2006, 2007, and 2010 that
included a Schedule B—Interest and Ordinary Income. Schedule B, Part III Foreign
Accounts and Trusts at question 7a requires the filer to answer whether she had an "interest
in or a signature or other authority over a financial account in foreign country such as a bank
account." If the answer is "Yes," the filer is asked at Question 7b to name the foreign
country. The filer is referred to the Schedule B instructions at "page B-2 for exceptions and
filing requirements for Form TD F 90-22.1 [the FBAR]."

34.     Danielsen's 2006, 2007, and 2009 income tax returns included a Schedule B,
Part III, Question 7a, to which he answered "No," that he did not have a foreign bank

account.

35.     Danielsen failed to report on his federal income tax returns his foreign investment income for 2006 through 2010. This failure resulted in income tax deficiencies.

36.     Danielsen's failure to make disclosures to his return preparer directly resulting in the preparation and filing of false income tax returns.

37.     Each of Danielsen's federal income tax return for tax years 2006 through 2010 were filed under penalties of perjury.

38.     Danielsen died in Fort Myers, Florida on August 25, 2016.

39.     On September 12, 2016, Showalter signed a Form 2848 Power of Attorney and Declaration of Representative, designating her father's attorney, Mario Fazio, to continue to represent the interests of her father, through his estate, after his death.

**CLAIM FOR RELIEF:**
**Reduce FBAR Civil Penalties to Judgment**

40.     On August 25, 2017, a delegate of the Secretary of the Treasury timely assessed civil penalties against Danielsen pursuant to Section 5321(a)(5) of Title 31 for willfully failing to file timely FBAR's for the years 2006 through 2009 for the foreign bank accounts at VP Bank and Haywood Securities in the amounts indicated in the table that follows, a provided notice of the penalties in Letter 3709:

| Year | FBAR Penalty Amount |
|:---:|:---:|
| 2006 | $1,366,723 |
| 2007 | $1,366,723 |
| 2008 | $1,366,723 |
| 2009 | $1,366,723 |
| **TOTAL** | **$5,466,892** |

41.     A delegate of the Secretary of the Treasury of the United States sent notice of the FBAR penalty assessment against Danielsen for 2006 through 2009 and by Letter 3708 of August 25, 2017, and made demand for payment thereof.

42.     Showalter, through attorney Fazio, did not then, and does not now, dispute the FBAR assessments.

43.     Despite the notice and demand for payment, the Danielsen's estate has failed to pay the penalties assessed against Danielsen. As a result, interest and statutory additions continue to accrue.

44.     As of July 12, 2019, Danielsen, through his estate, for years 2006 through 2009, owes the United States a total of $6,186,125.29. This includes FBAR penalties of $5,466,892 assessed under 31 U.S.C. § 5321, interest of $102,747.61 and penalties for late payment of $616,485.68 under 31 U.S.C. § 3717(e)(2). Interest and other additional amounts continue to accrue as provided by law.

45.     The FBAR assessments for 2006 through 2009 against Danielsen were timely because Danielsen, through his representative, executed written consent to extend the limitations period for the four periods at issue. Danielsen, through his representative, executed the last of those consents on or about July 26, 2016, extending the period to assess FBAR penalties for 2006 through 2009 to December 31, 2017.

WHEREFORE, the United States of America requests that the Court:

a.   Enter judgment against the Estate of Dean R. Danielsen, and in favor of the United States in the amount of $6,186,125.29 for the penalties assessed against him for the years 2006 to 2009 under 31 U.S.C. § 5321(a)(5)(C),

accrued interest on such penalties, late payment penalties, plus further interest and statutory additions thereon as allowed by law from July 12, 2019, to the date of payment; and

b.  Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Respectfully submitted,

Date: July 18, 2019
RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:  /s/ Valerie G. Preiss
VALERIE G. PREISS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Washington, D.C. 20044
Telephone: (202) 514-6475
Fax: (202) 514-9868
Valerie.G.Preiss@usdoj.gov

Of Counsel:
MARIA CHAPA LOPEZ
United States Attorney

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☐ 2   U.S. Government
  Defendant
- ☐ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) ) ) | |
| _____ | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: