UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ESTATE OF DEAN R. DANIELSEN, through Personal Representative Paige A. Showalter,

    Defendant.

Case No.  2:19-cv-496-FtM-38NPM

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the Amended Motion for Default Judgment (Doc. 20). No response was filed to the motion and the response time has lapsed. The Court finds an evidentiary hearing is not required in this case.[2] For the reasons stated below, the Court recommends the motion be GRANTED.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

[2] Rule 55(b) provides a court *may* hold a hearing, if necessary, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate other matters. Fed. R. Civ. P. 55(b)(2)(A)-(D). Rule 55(b) does not mandate an evidentiary hearing in all circumstances and leaves the decision whether to hold an evidentiary hearing to the court's discretion. *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-912 (11th Cir. 2011).

## I. Background

On July 18, 2019, Plaintiff United States of America (the "Government") filed a Complaint against the Estate of Dean R. Danielsen (the "Estate")[3] to reduce to judgment the outstanding balance of the federal penalties assessed against Dean Danielsen pursuant to 31 U.S.C. § 5321(a)(5) for his failure to file a Foreign Bank Account Report ("FBAR") about his interest in two foreign bank accounts. (Doc. 1). The Estate was served on July 18, 2019 but failed to plead or otherwise defend this action. (Doc. 5). As a result, the Government moved for and obtained a clerk's default against the Estate. (*See* Docs. 13, 16, 17).

On February 26, 2020, the Government moved for the entry of a default judgment against the Estate. (Doc. 18). However, the Court denied the motion without prejudice and directed the Government to file a corrected motion for default judgment. (Doc. 19). The Government complied and filed the instant Corrected Motion for Default Judgment against the Estate. (Doc. 20).

## II. Factual Allegations

In 1993, Danielsen began selling Swiss annuities. (Doc. 1, ¶ 12). In 1998, Danielson became concerned with asset protection when he was sued by an individual in the United States. (*Id.*, ¶ 13). To protect his assets, Danielson formed Sugar Creek Stiftung ("Sugar Creek") in 1999, originally funding it with $200,000 worth of profits he made from selling Swiss annuities. (*Id.*, ¶ 14).

---

[3] Dean Danielsen died on August 25, 2016, and the United States sued his Estate through his Personal Representative Paige A. Showalter, Dean Danielsen's daughter.

Danielsen then opened two foreign accounts in Sugar Creek's name – one in Liechtenstein and one in Canada. (Doc. 1, ¶ 15). Between 2003 and 2006, Danielsen transferred $646,294 into the two accounts. (*Id.*, ¶ 18). Between 2003 and 2008, Danielson withdrew $13,639,253 from Sugar Creek's two foreign accounts. (*Id.*, ¶20). Some of the withdrawn money was used to fund projects and investments and some was given as gifts to friends and relatives. (*Id.*, ¶ 20).

From 2006 through 2010, the balances in the two foreign accounts exceeded $10,000. (Doc. 1, ¶ 26). Although required, Danielsen failed to timely file FBARs to report his interest in the two accounts despite having done so for one or more separate foreign accounts in 1994 and 1995. (*Id.*, ¶¶ 27-32). Indeed, when asked if he had a foreign bank account on his 2006, 2007, and 2009 income tax returns, Danielsen affirmatively answered "no." (*Id.*, ¶ 34). As a result of his willful failure to file FBARs, a delegate of the Secretary of the Treasury of the United States assessed penalties in the amount of $5,466,892 for the years 2006 through 2009 and demanded payment. (*Id.*, ¶¶ 40-41; Doc. 20-1, ¶¶ 3-4).

The Estate failed to pay the civil penalties assessed against Danielsen, and the Government argues it is now owed $6,418,880.09 for statutory penalties and accrued interest. (Doc. 20). The Government avers that the 2006 FBAR assessments for 2006 through 2009 were timely because on or about July 26, 2016, Danielsen, through his representative, executed written consents to extend the limitations period to December 31, 2017. (Doc. 1, ¶ 45; Doc. 20, p. 6; Doc. 20-3).

### III. Legal Standard

When a defendant has failed to plead or defend an action, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). However, default judgments are generally disfavored because there is a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (internal citation omitted). "Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for the judgment entered." *Id.* at 1245 (internal citation omitted). A "sufficient basis" is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* So, when evaluating the sufficiency of the alleged facts, courts looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Id.*

### IV. Analysis

United States citizens are required to pay taxes on their gross income, regardless of where it is earned. *See* 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(b). To comply with this requirement, individuals must voluntarily report their interests in financial accounts held overseas by completing (a) Schedule B, Part III, Line 7 of the IRS Form 1040 individual tax return and (b) an FBAR, if the balance in the

foreign account is greater than $10,000 during the previous year. *See* 31 C.F.R. §§ 1010.350 & 1010.306(c); *United States v. Badreg*, No. 6:17-cv-886-Orl-18TBS, 2017 WL 4685252, *3 (M.D. Fla. Sept. 28, 2017), *report and recommendation adopted*, No. 6:17-cv-886-Orl-18TBS, 2017 WL 4685097 (M.D. Fla. Oct. 17, 2017).

The IRS is permitted to assess and collect civil penalties against any individual who fails to report his interest in a foreign account on an FBAR. *See* 31 C.F.R. § 1010.810(g). If the individual's failure to pay is deemed to be a willful violation, then the IRS has the discretion to assess a maximum penalty of $100,000 or 50 percent of the balance in the foreign account at the time of the violation, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)-(D).

Upon consideration of the allegations contained in the Complaint, the following well-pled facts must be accepted as true. Danielsen was a naturalized United States citizen (Doc. 1 at ¶ 10), and he was the beneficial owner of and had a financial interest in two foreign bank accounts (*id.*, ¶¶ 14-15, 24, 25, 26). The bank accounts were in foreign countries (Liechtenstein and Canada, *id.* at ¶ 15, 24) and the aggregate monthly balance in the accounts always exceeded $10,000 (*id.* at 26). Danielsen was required to disclose his ownership and interest in the foreign bank accounts during the years 2006 through 2009 to the Department of the Treasury by timely filing an FBAR on or before June 30 in 2007, 2008, 2009, and 2010, but he failed to do so. (*Id.*, ¶¶ 26-28).

The Complaint further provides a sufficient basis for the Court to determine that Danielsen's failure to disclose his interest in the foreign bank accounts was

willful. "Willfulness does not require actual knowledge of the duty to report interest in a foreign financial account, but merely reckless or careless disregard of that statutory duty." *United States v. Brandt*, No. 17-80671-CIV, 2018 WL 1121466, *4 (S.D. Fla. Jan. 24, 2018) (internal citations omitted). Taxpayers are deemed to have constructive knowledge of and the responsibility for the contents of their tax returns, which are signed under penalty of perjury. *Id.*

Here, the Government alleged several facts suggesting Danielsen acted willfully. Notably, Danielsen filed FBARs in 1994 and 1995 for foreign financial accounts proving Danielsen knew of his obligation to file an FBAR in subsequent years. Moreover, Danielsen, under penalty of perjury and with knowledge of his bank accounts in Lichtenstein and Canadian, checked "no" when asked if he had a foreign bank account. These actions suggest Danielsen acted willfully in failing to report his ownership and interests in his foreign bank accounts. *See United States v. Badreg*, No. 6:17-cv-886-Orl-18TBS, 2017 WL 4685252, *3 (M.D. Fla. Sept. 28, 2017), *report and recommendation adopted*, No. 6:17-cv-886-Orl-18TBS, 2017 WL 4685097 (M.D. Fla. Oct. 17, 2017) (finding willful failure to report by virtue of Defendant's admission by default); *United States v. Brandt*, No. 17-80671, 2018 WL 1121466, *4 (S. D. Fla. Jan. 24, 2018) (finding a willful reporting violation under similar circumstances); *see also United States v. Rum*, No. 8:17-cv-826-T-35AEP, 2019 WL 3943250, *8 (M.D. Fla. Aug. 2, 2019), *report and recommendation adopted*, No. 8:17-cv-826-T-35AEP, 2019 WL 5188325 (M.D. Fla. Sept. 26, 2019) ("A taxpayer's failure to review their tax returns for accuracy

despite repeatedly signing them, along with 'falsely representing under penalty of perjury' that they do not have a foreign bank account (by answering 'no' to question 7(a) on Line 7a of Schedule B of a 1040 tax return) in and of itself supports a finding of 'reckless disregard' to report under the FBAR.").

Lastly, the Government attached certified forms to its Corrected Motion for Default Judgment to prove its damages for willful violations of the reporting requirement. (Docs. 20-1 to 20-4). The attachments show that a delegate of the Secretary of Treasury made an assessment of civil penalties against Danielsen under 32 § U.S.C. 1521(a)(5) for the years 2006, 2007, 2008, and 2009 in the amount of $1,366,723.00 for each year totaling $5,466,892.00. (Docs. 20-1, 20-2). In addition to the principal penalty assessed, the attachments show the Government is also owed a late-payment penalty in the amount of $815,989.79 and interest in the amount of $135,998.30. (Doc. 20-1). The penalties and interest combine to an aggregate amount due of $6,418,880.09.

## V.     Conclusion

The Court finds the Government has satisfied the requirements for default judgment against the Estate for the assessed civil penalties and fees of $6,418,880.09.

It is **RESPECTFULLY RECOMMENDED**:

The Amended Motion for Default Judgment (Doc. 20) be **GRANTED** and a default judgment be entered against the Estate of Dean R. Danielsen through Personal Representative Paige A. Showalter for $6,418,880.09.

Respectfully recommended in Chambers in Fort Myers, Florida on October 6, 2020.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**